# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

VALERIE ANN WILLIFORD, )
                     )
        Plaintiff, )
                     )
v.                    )     **CIV-06-482-R**
                     )
STAWIARSKI & ASSOCIATES, )
P.C.,                 )
                     )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff and Counterclaim Defendant Valerie Ann Williford has appealed to this Court from a default judgment against her on Defendant's Amended Counterclaim entered by the United States Bankruptcy Court for the Western District of Oklahoma on March 1, 2006. The bankruptcy court *sua sponte* reconsidered its Order granting default judgment at a hearing on April 5, 2006 and determined that the default judgment would stand as entered. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) and F.R. Bankr. P. 8001.

In this appeal, Appellant asserts that the bankruptcy court erred when it granted Defendant default judgment and erred when it refused to vacate the default judgment at the hearing on the *sua sponte* reconsideration of the default judgment. Appellant further asserts that the bankruptcy court erred in finding that Defendant had standing to assert adversary claims to determine that a debt was nondischargeable and to recover judgment on the debt. Appellant also asserts that the Court erred when it allowed Defendant's counsel to present

an exhibit at the April 5, 2006 hearing because Appellant had not been given proper notice of the exhibits pursuant to Local Rules 9014 and 9017 and because the exhibit amounted to a fraud on the court.  Finally, Appellant asserts that the bankruptcy court erred in granting Defendant attorney fees.  The Appellee takes issue with all of Appellant's arguments and, with respect to the award of attorney fees, asserts that this Court does not have jurisdiction to review the Order granting fees because Appellant failed to file a separate notice of appeal with respect to the fee award in accordance with Rules 8001(a) and 8002 F.R.Bankr.P. Defendant also asserts that Plaintiff waived any right to seek reversal of the bankruptcy court's judgment based on the Court's acceptance of Defendant's exhibit at the April 5, 2006 hearing because Appellant did not object to the admission of that evidence at the hearing.

In reply, Appellant asserts that she objected to admission of Defendant's exhibit, an Assignment of Account, at the April 5, 2006 on the ground that the assignment was fraudulent and points out that Appellee had already alleged in its Amended Counterclaim that Mountain Peaks Financial Services was a creditor of Plaintiff/Appellant and that Defendant was a debt collector and counsel for Mountain Peaks Financial Services.

Appellant obtained a discharge of her debts in bankruptcy court on May 8, 2003.  On September 23, 2005, Plaintiff/Appellant filed an adversary complaint against Defendant/Appellee in the United States Bankruptcy Court for the Western District of Oklahoma, alleging that Defendant should be held in contempt for violating the bankruptcy discharge injunction and asserting claims for violations of the Fair Debt Collection Practices Act and the Oklahoma Consumer Protection Act because of or arising from Defendant's

2

efforts to collect Plaintiff's student loan.  On January 9, 2006, having obtained an agreed upon extension of time in which to answer, Defendant filed an Answer and Counterclaim against Plaintiff, seeking a determination that Plaintiff's student loan debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(8) and judgment on the debt.  On January 23, Defendant filed an Amended Counterclaim against Plaintiff requesting judgment on the debt in an amount lower than originally sought.  Defendant did not obtain leave to file the Amended Counterclaim.  However, contrary to Plaintiff/Appellant's argument, leave was not required because the Amended Counterclaim was filed before Plaintiff had filed to reply to the original Counterclaim and before Plaintiff's reply to Defendant's counterclaim was due. *See* F.R.Bankr.P. 7015; F.R.Civ.P. 15(a).

On February 8, 2006, Defendant filed a "Request for Entry of Default by the Clerk and Request for Entry of Default Judgment by the Court."  Appellee's Appendix, Vol. I at p. 33.  On February 13, 2006, Plaintiff/Appellant filed a Response to Defendant's requests for entry of default and default judgment and included in her response a request for leave of the Court to file a Reply to Defendant's Amended Counterclaim which she attached to her response.  On March 1, 2006, the bankruptcy court conducted a hearing on the requests for entry of default and default judgment, see Transcript of Hearing, Appellee's Appendix, Vol II at pp. 55-68, and on March 7, 2006, entered an Order directing the Court Clerk to enter default on the Amended Counterclaim and entered Judgment by Default against Plaintiff/Appellee on Defendant's Amended Counterclaim.  *See id.* at pp. 69-71 & 72-75.

Plaintiff/Appellee's reply to the Amended Counterclaim was due within ten (10) days of service of the Amended Counterclaim.   F.R.Bankr.P. 7015; F.R.Civ.P. 15(a).   The Amended Counterclaim was filed on January 23, 2006 and reflects that it was served by U.S. mail.  *See* Appellee's Appendix, Vol. I at pp. 28-32.  Plaintiff/Appellee had ten (10) days after January 23, 2006, in which to file her reply to the Amended Counterclaim, but because Defendant had served the Amended Counterclaim by mail, three days are added to the 10-day period for reply pursuant to F.R.Bankr.P. 9006(f).  Accordingly, Plaintiff/Appellee had until February 5, 2006 in which to file her reply to the Amended Counterclaim but, because February 5, 2006 was a Sunday, Plaintiff had until February 6, 2006 in which to file her reply.  See F.R.Bankr.P. 9006(a).  As previously stated, Defendant filed its requests for entry of default and for default judgment on February 8, 2006.  Plaintiff/Appellee asserted in her Response to Defendant's Request for Entry of Default by the Clerk and Request for Entry of Default Judgment and at the hearing on Defendant's requests that her failure to timely reply to the Amended Counterclaim was due to inadvertence or mistake in that she scheduled the time to respond to the Amended Counterclaim as fifteen plus three days.  Appellee's Appendix, Vol. I at p. 51 and Vol. II at p. 61.  The bankruptcy court, in sustaining the requests for entry of default and default judgment, stated that "there was no request that the Court grant leave to file [a reply to the Amended Counterclaim] outside that [the period prescribed by F.R.Bankr.P. 7015 and F.R.Civ.P. 15(a)] time."  Transcript of March 1, 2006 Hearing, Appellee's Appendix, Vol. II at p. 66.

Decisions as to whether to enter judgment by default are committed to the sound discretion of the district or bankruptcy court and are reviewed for an abuse of discretion. *Garberg v. Associates, Inc. v. Pack-Tech International Corporation*, 115 F.3d 767, 771 (10th Cir. 1997); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995), *cert. denied*, 516 U.S. 1160, 116 S.Ct. 1045, 134 L.Ed.2d 192 (1996); *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731, 732 (10th Cir. 1991). Moreover, under Rule 9006(b)(1), a bankruptcy court may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court resolved the conflict among the Courts of Appeals as to the meaning of "excusable neglect" in F.R.Bankr.P. 9006(b)(1). 507 U.S. at 387, 113 S.Ct. at __, 123 L.Ed.2d at 84. The Supreme Court said that "neglect" encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." 507 U.S. at 388, 113 S.Ct. at ____, 123 L.Ed.2d at 85. Applying the ordinary, common meaning of the term excusable neglect, the Supreme Court said that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id*. The Court observed that its interpretation of "excusable neglect" as used in F.R.Bankr.P. 9006(b)(1) is supported by the Courts of Appeals' interpretation of that term as used in the Federal Rules of Civil Procedure and specifically Rule 6(b) thereof. *See id*. 507 U.S. at 391, 113 S.Ct. at __, 123 L.Ed.2d at 87.

"Excusable neglect" as used in Rule 6(b), F.R.Civ.P., may extend to inadvertent delays and

is a "somewhat 'elastic concept' . . . not limited strictly to omissions caused by circumstances

beyond the control of the movant." *Id*., 507 U.S. at 392, 113 S.Ct. at __, 123 L.Ed.2d at 87.

After reviewing the usage of the term "excusable neglect" in other Federal Rules of Civil

Procedure, the Supreme Court concluded that to read Rule 9006(b)(1), F.R.Bankr.P.,

"inflexibly to exclude every instance of an inadvertent or negligent omission would ignore

the most natural meaning of the word 'neglect' and would be at odds with the accepted

meaning of that word in analogous contexts." *Pioneer Investment Services Company v.

Brunswick Associates Limited Partnership*, 507 U.S. at 394-95, 113 S.Ct. 1489, 123 L.Ed.2d

at 89.  Whether "neglect" is "excusable" is, the Court said, an equitable determination, taking

into account all relevant circumstances surrounding the party's omission, including the

danger of prejudice to the opposing party, the length of delay and its potential impact on

judicial proceedings, the reason for the delay, including whether it was within the movant's

reasonable control and whether the movant acted in good faith.  *Id*., 507 U.S. at 395, 113

S.Ct. at __, 123 L.Ed.2d at 89-90.  In the case *sub judice*, the Supreme Court concluded that

the lack of any prejudice to the debtor or to the interests of efficient judicial administration,

combined with the good faith of respondents and their counsel, weighed strongly in favor of

allowing the claim to be filed after the deadline.  *Id*., 507 U.S. at 398, 113 S.Ct. at __, 123

L.Ed.2d at 91.  However, it observed that had there been any evidence of prejudice to

petitioner or to efficient judicial administration, "or any indication at all of bad faith," the

result would have been different and the Court "could not say that the [b]ankruptcy [c]ourt abused its discretion in declining to find the neglect to be 'excusable.'"  *Id*.

Applying the abuse of discretion standard, the Court will not disturb the bankruptcy court's decision to direct entry of default, enter default judgment on the Amended Counterclaim and deny Plaintiff leave to file her reply to the Amended Counterclaim out of time unless the Court has "a definite and firm conviction that the bankruptcy court made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances."  *United States v. Berger (In re Tanaka Brothers Farms, Inc.)*, 36 F.3d 996, 998 (10th Cir. 1994) (citation omitted).  The Court has such a conviction for two reasons.

First, although Plaintiff/Appellee was less than specific both in her written response and at the hearing on March 1, 2006, as to how she made the mistake she did in calculating when her reply was to be filed, the Court concludes that Plaintiff/Appellee's failure to timely file her reply was the result of carelessness, negligence or a mistake on Plaintiff/Appellee's part.  When the factors the United States Supreme Court said courts must examine in determining whether "neglect" is "excusable" are considered, it is clear that Plaintiff/Appellee's neglect was excusable.  Allowing Plaintiff/Appellee to file her reply a few days out of time posed no danger of prejudice to Defendant, would have resulted in a negligible delay and would have had no impact or a negligible impact on judicial proceedings.  The reason for the delay can best be described as Plaintiff's unfamiliarity with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure and this reason was within Plaintiff/Appellee's control.  There is no indication that Plaintiff/Appellee

did not act in good faith. When these factors are considered and the facts of this case are compared to those in Pioneer Investment Services Company, the Court is left with the definite and firm conviction that the bankruptcy court made a clear error in judgment.

Moreover, at the time the bankruptcy court entered default judgment against Plaintiff/Appellee on Defendant's Amended Counterclaim, it was clear from the face of the Amended Counterclaim that Defendant/Appellant was not a creditor of Plaintiff and had no standing to seek a determination that a debt owed by Plaintiff was nondischargeable under 11 U.S.C. § 523(a)(8) or to recover judgment against Plaintiff on a debt owed to another entity. Plaintiff/Appellee did not raise Defendant's lack of standing until she filed a "Supplement to Plaintiff's Response to Court's Order Setting Hearing for Reconsideration," after default judgment had been entered. But that is no matter because standing in these circumstances goes to subject matter jurisdiction, *see, e.g., Francisco v. Bowman*, 109 Fed. Appx. 24, 26-27 (6th Cir. Aug. 10, 2004) (No. 03-5527); *Wetzel Services, Inc. v. Harrold (In re Harrold)*, 296 B.R. 868, 871-874 (Bankr. M.D. Fla. 2003), which can never be waived. *LaResolana Architects, P.A. v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1198 (10th Cir. 2005); *Radil v. Sanborn Western Camps, Inc.*, 384 F.2d 1220, 1224 (10th Cir. 2004). Indeed, "[f]ederal courts 'have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, ___ U.S. ___, 126 S.Ct. 1235, 1240, 1244,

163 L.Ed.2d 1097 (2006)).  In this case it was apparent from the face of the Amended Counterclaim that Defendant was not a creditor of Plaintiff to whom a debt was owed, but that Defendant was making claims for relief based on the rights or interest of a third party, Mountain Peaks Financial Services, Inc.  A "plaintiff generally must assert his own legal rights and interests" to have standing and invoke federal court jurisdiction, "and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343, 355 (1975).

The Court does not reach the other arguments raised by the parties.  The default judgment against Plaintiff/Appellee on Defendant's Amended Counterclaim is VACATED and the bankruptcy court is directed to dismiss the Amended Counterclaim for lack of subject matter jurisdiction.

**It is so ordered this 21st day of November, 2006.**

_David L. Russell_
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**